IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CURTIS DAWSON, #263821, | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-CV-366-WKW |
| | ) | (WO) |
| | ) | |
| JEFFERSON S. DUNN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Curtis Dawson ("Dawson") challenging the lack of a formal grievance procedure at the Ventress Correctional Facility and alleging that correctional officials at this facility failed to protect him from attack by another inmate. *Complaint - Doc. No. 1* at 3-7.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials, including affidavits and prison records, in which they address the claim for relief presented by Dawson. The report and evidentiary materials refute the conclusory allegations presented by Dawson. The defendants maintain that a grievance procedure is not constitutionally required. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment."); *Miller v.*

*Jones*, 791 F.Supp. 240, 2141-242 (E.D. Mo. 1992) (The inmate's allegation of "wrongful denial of a grievance [fails to state a viable claim for relief in a § 1983 action as he] has no constitutional right to a grievance procedure."); *Flowers v. Tate*, 925 F.2d 1463 (6th Cir. 1991) (An inmate "does not have a constitutional right to an effective grievance procedure."). In addition, the defendants assert, and the undisputed evidence indicates, that the defendants did not act with deliberate indifference to Dawson's safety with respect to the spontaneous attack about which he complains. Specifically, Dawson does not allege or offer evidence that "an objectively substantial risk of serious harm [to his safety] ... exist[ed]" at the time of the attack. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1028-1029 (11th Cir. 2001), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The defendants further argue that there is no evidence on the record to show that any named defendant "subjectively knew that [Dawson] faced a substantial risk of serious harm. The defendant must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Johnson v. Boyd*, 568 Fed. App'x 719, 721 (11th Cir. 2014) (internal citation omitted).

In light of the foregoing, the court issued an order directing Dawson to file a response to the defendants' written report. *Order of September 30, 2015 - Doc. No. 14*. The order advised Dawson that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the**

2

**plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action.  *Id.*  The time allotted Dawson for filing a response in compliance with this order has expired. As of the present date, Dawson has failed to respond to the defendants' written report.  The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Dawson is an indigent individual.  Thus, the imposition of monetary or other punitive sanctions against him would be ineffective. Additionally, Dawson's inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case.  Finally, the undisputed evidentiary materials submitted by the defendants indicate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure Dawson's compliance would be unavailing.  Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal.  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for

failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to comply with an order of this court.  It is further

ORDERED that on or before December 28, 2015, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 11th day of December, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

4